UNITED STATES BANKRUPTCY COURT DISTRICT OF
MASSACHUSETTS EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>JERRY 0. DEFILPO,<br><br>Debtor. | Chapter 11<br>Case No. 10-21970-FJB |
| JERRY 0. DEFILPO,<br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR PROF-2013-S3 REMIC TRUST VII, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR U.S. ROF III LEGAL TITLE TRUST 2015-1, IBM LENDER BUSINESS PROCESS SERVICES, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE, SETERUS, INC., FAY SERVICING and FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION,<br>Defendants. | A.P. No. 16-01001-FJB |

## OPPOSITION TO MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC. TO DISMISS COMPLAINT

This Court should not dismiss Plaintiff's adversary proceeding against defendants

Federal National Mortgage Association and Seterus, Inc., for itself and as successor to IBM

Lender Process Services, Inc. (together, the "Defendants").

### RESPONSE TO STATEMENT OF MATERIAL FACTS

1.  Admits that Plaintiff is an individual who asserts an ownership interest in the property known

    as and numbered 57-59 Madison Avenue, Unit No. 57, Chelsea, Suffolk County,

Massachusetts (the "Property").

2. Admits that on or about April 17, 2007, the Plaintiff and Walter DeFilpo executed a promissory note in the original amount of $296,800.00 (the "Note") in favor of First Horizon Home Loan Corporation (the "Lender"). Case No. 10-21970, Claim 6-1.

3. Admits that as security for the obligations under the Note, the Plaintiff and Walter DeFilpo granted to Mortgage Electronic Registration Systems, Inc. as nominee for the Lender a mortgage on the Property.   Id.

4. Admits that according to documents filed, as of May 1, 2010, IBM Lender Business Process Services, Inc. ("IBM") serviced the loan embodied by the Note and Mortgage.

5. Plaintiff cannot admit or deny if by assignment dated September 28, 2010, MERS assigned the Mortgage to Federal National Mortgage Association ("FNMA").

6. Plaintiff cannot admit or deny if on July 2011, IBM changed its name to Seterus, Inc.

7. Plaintiff cannot admit or deny that on May 1, 2013, the servicing of any loan embodied by the Note and Mortgage transferred from Seterus to Nationstar.  However, Plaintiff can state that it was not until June 6, 2014 that he was notified of the acquisition of the loan by Nationstar by letter dated June 6, 2014. The letter only states that it had recently acquired the loan.

8. Plaintiff cannot admit or deny if by valid assignment dated June 10, 2013, the Mortgage was assigned to First Horizon Home Loans, a division of First Tennessee Bank National Association. However, those documents were included the Complaint.

9. Plaintiff cannot admit or deny if by valid assignment dated October 9, 2014, the Mortgage was assigned to U.S. Bank National Association, as Trustee for PROF-2013-53 REMIC Trust VII.

## RESPONSE TO THE CHAPTER 11 BANKRUPTCY

10. Admits that on November 1, 2010, the Plaintiff filed a Chapter 11 petition with this Court, case number 10-21970 (the "Chapter 11 Case").

11. Admits that on March 23, 2011, FNMA filed its proof of claim with the Court regarding the Note, Mortgage and Property.  Case No. 10-21970, Claim No. 6-1.

12. Admits that on November 15, 2011, this Court confirmed the Plaintiff's third amended Chapter 11 plan.  Case No. 10-21970, Doc. No. 162.

13. Admits that on May 30, 2013, this Court closed the Chapter 11 Case.  Case No. 10-21970, Doc. No. 211.   However, this took place after the final decree and discharge entered in the case.

14. Admits that on August 5, 2015, the Court allowed the Plaintiff's motion to re-open the Chapter 11 Case.  Case No. 10-21970, Doc. No. 216.

15. Admits. That on November 24, 2015, the Court denied the Plaintiff's motion for contempt and sanctions against the parties who are the defendants in the above-captioned adversary proceeding.  Case No. 10-21970, Doc. No. 270.

    However the order also stated:

*Hearing held. After a lengthy colloquy with the parties, the Court now understands the relief sought by the Debtor to be the reversal of a completed foreclosure and the reinstatement of the Debtor's interest in real property. Such a request constitutes a proceeding to recover property which must be brought as an adversary proceeding pursuant to Fed. R. Bankr. P.7001(1). Accordingly, the instant motion is denied as to all parties without prejudice to the Debtor seeking the same relief in an adversary proceeding.*

**RESPONSE TO THE ADVERSARY PROCEEDING**

16. Admits that on January 3, 2016, the Plaintiff filed his Verified Complaint, commencing the above-captioned adversary proceeding (the "Adversary Proceeding").  Doc. No. 1.

17. Admits only that on January 4, 2016, the Court issued summonses on the named defendants in the Adversary Proceeding as follows:

> YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer within 35 days.
> ANSWER DUE: 2/3/16

18. Admits that on January 12, 2016, the Plaintiff filed his amended verified complaint in the Adversary Proceeding.  Doc. No. 7. Plaintiff also states that there was scheduled hearing on February 10, 2016 on Plaintiff's Motion for Preliminary Injunction. Plaintiff also states that an order granting such injunction was issued by this Court.

19. Admits that on February 8, 2016, the Court issued a show cause order to the Plaintiff regarding the Plaintiff's failure to file with the Court proof of service of the Verified Complaint on the named defendants.  Doc. No. 30. However, such order was released on February 16, 2016.

20. Admits that on February 11, 2016, the Plaintiff filed with the Court summonses showing service of the "complaint" on Federal National Mortgage Association, IBM Lender Business Process Services, Inc. and Seterus, Inc. on February 9, 2016. Doc. Nos. 33, 36 and 39, respectively.

21. Admits that on February 16, 2016, the Plaintiff filed with the Court his Further Amended Verified Complaint (the "Complaint").

22. Plaintiff's Complaint speaks for itself.

## RESPONSE TO CONCLUSIONS OF LAW

23. Plaintiff does not believe that the reasons given by Defendants warrant the grant of

an order dismissing this case.

**Standard for Motion to Dismiss**

24. Admits that a complaint may be dismissed if the court hearing the complaint lacks

subject-matter jurisdiction over the claims alleged. Fed. R. Civ. P. 12(b)(1); Fed. R.

Bankr. P. 7012(b) and that without subject matter jurisdiction the court has no power

to hear and decide the case. Daley v. Town of New Durham, N.H., 733 F.2d 4, 7 (1st

Cir. 1984). However in the case at hand, this Court has jurisdiction as it retained the same

in the confirmation order (Docket #162, Page 8) as follows:

E. JURISDICTION

This Court shall retain jurisdiction of all matters arising out of, or related to, the Bankruptcy Case
and the Plan to the extent provided in the Plan.

The failure to specifically include any particular provision of the Plan in this Confirmation Order
shall not diminished or impair the efficacy of such provision, it being understood the intent of
this Court that the Plan be confirmed and approved in its entirety.

This Confirmation Order shall be, and hereby is, deemed recordable in form, and any and all
recording authorities are directed to accept this Confirmation Order for filing.

Since this Court retained jurisdiction *"of all matters arising out of, or related to, the*

*Bankruptcy Case and the Plan to the extent provided in the Plan"* this Court should not

dismiss on grounds that it does not have the same pursuant to Fed. R. Civ. P. 12(h)(3) and

Fed. R. Bankr. P. 7012(b) since all claims are related to the Plan implementation and

Seterus and FNMA failed to implement the modified loan.

25. Plaintiff takes notice of the cited law but believes that all Defendants were duly notified.

Thus Plaintiff's Complaint shall not dismiss on grounds of insufficient service of process

pursuant to Fed. R. Civ. P. 12(b)(5); Fed. R. Bankr. P. 7012.

26. Plaintiff takes notice of the cited law but believes that Plaintiff has stated claims upon which relief can be granted. Plaintiff also states that since this Court issued a preliminary injunction stating that the Plaintiff has likelihood of success on the merits in some and if not all claims. IBM, Seterus, and FNMA are responsible for the transferring of the loan to all other subsequent servicers and note/mortgage holders.

**THIS COURT DOES NOT LACK SUBJECT MATTER JURISDICTION OVER THE DEFENDANTS**

27. Plaintiff states that this Court has jurisdiction as it retained the same in the confirmation order (Docket #162, Page 8) as follows:

E. JURISDICTION

This Court shall retain jurisdiction of all matters arising out of, or related to, the Bankruptcy Case and the Plan to the extent provided in the Plan.

The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminished or impair the efficacy c f such provision, it being understood the intent of this Court that the Plan be confirmed and approved in its entirety.

This Confirmation Order shall be, and hereby is, deemed recordable in form, and any and all recording authorities are directed to accept this Confirmation Order for filing.

Since this Court retained jurisdiction *"of all matters arising out of, or related to, the Bankruptcy Case and the Plan to the extent provided in the Plan"* this Court should not dismiss on grounds that it does not have the same pursuant to Fed. R. Civ. P. 12(h)(3) and Fed. R. Bankr. P. 7012(b) since all claims are related to the Plan implementation and Seterus and FNMA failed to implement the modified loan.

In addition, this Court in two separate orders retained jurisdiction (Docket # Case No. 10-21970, Doc. No. 270) (Docket #162, Page 8).

**PLAINTIFFS SERVED THE DEFENDANTS SUFFICIENTLY**

28.  Plaintiff takes notice of the cited law but believes that all Defendants were duly notified. Thus Plaintiff's Complaint shall not dismiss on grounds of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); Fed. R. Bankr. P. 7012.  Defendants state that the new rule allows for service of a complaint within 90 days of the Plaintiff filing the complaint according to Fed.R.Civ.4(m) but that this Court order service only within 7 days of issuance of the summons according to Doc. No. 3.  Plaintiff cannot find the 7 day requirement in such Doc. No. 3.  It is noted only in the docket entry not in the document per se. Regardless, this Court issued an Order to Show Cause regarding service, Plaintiff responded to the Order, and the court released such Order.

29. Plaintiff states that FNMA was duly served and notified. An appearance by Counsel has been filed.  Plaintiff takes notice of the cited law but believes that all Defendants were duly notified. Thus Plaintiff's Complaint shall not dismiss on grounds of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); Fed. R. Bankr. P. 7012.  Defendants state that the new rule allows for service of a complaint within 90 days of the Plaintiff filing the complaint according to Fed.R.Civ.4(m) but that this Court order service only within 7 days of issuance of the summons according to Doc. No. 3.  Plaintiff cannot find the 7 day requirement in such Doc. No. 3.  It is noted only in the docket entry not in the document per se. Regardless, this Court issued an Order to Show Cause regarding service, Plaintiff responded to the Order, and the court released such Order.

30. Plaintiff states that Seterus was duly served and notified. An appearance by Counsel has been filed. Plaintiff takes notice of the cited law but believes that all Defendants were duly notified. Thus Plaintiff's Complaint shall not dismiss on grounds of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); Fed. R. Bankr. P. 7012.  Defendants state

that the new rule allows for service of a complaint within 90 days of the Plaintiff filing the complaint according to Fed.R.Civ.4(m) but that this Court order service only within 7 days of issuance of the summons according to Doc. No. 3.  Plaintiff cannot find the 7 day requirement in such Doc. No. 3.  It is noted only in the docket entry not in the document per se. Regardless, this Court issued an Order to Show Cause regarding service, Plaintiff responded to the Order, and the court released such Order.

## PLAINTIFF HAS NOT FAILED TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

### A.  The Duty of Good Faith and Fair Dealing

31. Plaintiff states that since this Court issued a preliminary injunction stating that the Plaintiff has likelihood of success on the merits in some and if not all claims; the claim for breach of good faith and fair dealing should not be dismissed. But for FNMA, IBM and Seterus failure to properly implement the modified loan, Plaintiff's home would not have been foreclosed as stated in the Complaint.

### B.  The Massachusetts Consumer Protection Act ("Chapter 93A")

32. Plaintiff states that since this Court issued a preliminary injunction stating that the Plaintiff has likelihood of success on the merits in some and if not all claims; the claim pursuant to the Consumer Protection Act should not be dismissed.  Plaintiff sent a 93A claim letter dated May 7, 2015 addressed to Nationstar Mortgage, LLC and Fay Servicing (servicers at the time) which was responded by Fay Servicing on July 14, 2015.

### C.  Truth-in Lending Act

33. Plaintiff states that since this Court issued a preliminary injunction stating that the Plaintiff has likelihood of success on the merits in some and if not all claims; the claim for breach in the Truth-in-Lending Act should not be dismissed.

## DOCTRINE OF ABSTENTION DOES NOT APPLY AS THE COURT RETAINED JURISDICTION AND DID NOT ABSTEIN ITSELF

34. Plaintiff states that this Court has decided not to abstain itself and to retain jurisdiction as stated in two separate orders retained jurisdiction (Docket # Case No. 10-21970, Doc. No. 270) (Docket #162, Page 8).  Defendants have not cited any case on point regarding mandatory bankruptcy abstention when such Court has retained jurisdiction. As to the statement that Plaintiff is a party to a state court action, the only action (which has been enjoined by this Court) is the summary process eviction action. But again, this Court has retained jurisdiction.  Plaintiff does not believe that the <u>Colorado River Water Conservation Dist.v. U.S.</u> 424 U.S. 800 (1976) nor the other cases cited are applicable to the matter at hand.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that this Court enters an order 1) denying the motion to dismiss and the 2) request that Defendants be removed from this action; and 3) for such other relief as it is just and proper.

Respectfully Submitted,
By Plaintiff, Jerry Defilpo
By his Attorney
/s/ Carmenelisa Perez-Kudzma
BBO# 633520
Perez-Kudzma Law Office, P.C.
413 Boston Post Road, Weston, MA 02493
978-505-3333
carmenelisa@pklolaw.com

April 4, 2016

### CERTIFICATE OF SERVICE

I hereby certify that on **April 4, 2016**, a copy of **Response** was served electronically via CM/ECF to all interested parties in this Chapter 11 case including the United States Trustee's Office and Seterus, IBM, and FNMA through Counsel of record.

/s/ Carmenelisa Perez-Kudzma